## LASTLY *v.* CRAMER.

An act of May 15th, 1820, (R. L. 1833, p. 570, § 6,) limited the time for bringing ejectment and other real and possessory actions, for causes of action thereafter accruing, to twenty years. An act of November 15, 1829, (Id. 408,) limited the period to *ten* years where the cause of action *had then accrued.* The Revised Statutes which took effect August 31, 1838, repealed these acts, (p. 690,) and substituted a new limitation of *twenty* years, by Ch. 1. Tit. VI. Pt. 3d ; the 8th section of which provided, however, that causes of action which should have accrued before the said 31st of August, 1838, should not be affected by that chapter, but should be determined by the law under which the same *accrued.* In ejectment, commenced in 1840, for a cause of action which accrued in 1822, *it was held,* construing § 8 above referred to with reference to the other provisions of the Revised Statutes of 1838, relating to the same subject, (§ 7, p. 574, §§ 2, 3, p. 697, §§ 25, 27, p. 580,) that the action was barred by the act of November 15th, 1829.

CASE reserved from Michilimacinac Circuit Court. Ejectment. The suit was commenced in July, 1840. Lastly, the plaintiff, claimed title to the premises in controversy, under a mortgage of the same, executed November 2, 1822, by one Puthuff, to one Wheeler, and by Wheeler assigned to the plaintiff, August 19, 1829 ; and under a foreclosure of said mortgage, in the circuit court of the United States, in and for the county of Michilimacinac, in the late territory of Michigan, sitting as a court of chancery, and a sale and conveyance of the premises to the plaintiff, on the 17th of February, 1835, in pursuance of the final decree on such foreclosure. The defendant,

Cramer, claimed the premises as tenant under one Douseman, who, by himself, or those holding under him, had been in the continued adverse possession, under a claim of title, since 1821.

On the trial, at the July term, 1843, of the circuit court, the question was raised, and reserved by the Presiding Judge for the opinion of this court, of whether the plaintiff's action was barred by the operation of the act of limitations of November 5, 1829. (R. L. 1833, p. 408.)

*H. H. Emmons,* for the plaintiff.

*H. T. Backus,* for the defendant.

WHIPPLE, J. delivered the opinion of the court.

The question submitted is, whether the action is barred by the statute of limitations of November 5, 1829, (R. L. 1833, p. 408.) This question is involved in some intricacy and doubt in consequence of the obscurity of the language, and the apparently conflicting provisions of the Revised Statutes of 1838, relating to this subject. We have no doubt respecting the intention of the legislature to subject this, and other like cases, to the operation of the act of 1829, notwithstanding its repeal by the Revised Statutes. That statute was founded in a wise policy; it was emphatically a statute of repose; and we feel bound to apply its provisions to the present case, and to all others similarly circumstanced, if we can do so without violating any stern and inflexible rule of law. An examination of the statutes of limitation in force before the adoption of the Revised Statutes of 1838, and of the several provisions of the latter statutes respecting the same subject matter, will, we think, justify us in asserting that the obvious intention of the legislature may be effectuated without doing violence to any sound rule of construction.

The sixth section of the "Act for the limitation of suits

Lastly *v.* Cramer.

on penal statutes, criminal prosecutions, and actions at law," passed May 15th, 1820, is as follows: " That no writ of right or other real action, no action of ejectment or other possessory action, of whatsoever name or nature, shall hereafter be sued, prosecuted or maintained, for the recovery of any lands, tenements or hereditaments, if the cause of action shall accrue after the passing of this act, but within twenty years next after the cause of action shall accrue, or have accrued, to the plaintiff or defendant, or plaintiffs or defendants, or those under whom he, she, or they claim; and that no person having right or title of entry into houses, lands, tenements or hereditaments, shall hereafter thereinto enter, but within twenty years next after such right of entry shall accrue or have accrued."  R. L. 1833, p. 570.   It is to be observed that the first branch of this section is applicable to causes of action accruing after the passage of the act; the second branch is applicable to cases where the " right of entry shall accrue or have accrued."

The first section of the act of 1829, which is amendatory to the act above referred to, is as follows: " No writ of right or other real action, no action of ejectment or other possessory action, of whatsoever name or nature, shall *hereafter* be sued, prosecuted or maintained, for the recovery of any lands, tenements or hereditaments, if the cause of action *has now accrued*, unless the same be brought within *ten* years after the passing of this act; any law, usage or custom to the contrary notwithstanding."   Id. p. 408.

These two statutes were repealed by the first section of the " Act to repeal the statutes consolidated in the Revised Statutes" (of 1838,) approved April 6, 1838.  R. S. 1838, p. 690.   The third section of this act is as follows: "In any case when the limitation or period of time prescribed in any of the acts hereby repealed, for the acquiring of any right, or the barring of any remedy, or for any other

purposes, shall have begun to run, and the same, or any similar limitation is prescribed in the revised statutes, the time of limitation shall continue to run, and shall have the like effect, as if the whole period had begun and ended under the operation of the revised statutes."

The seventh section of Ch. 1, Tit. VI. Pt. 3, of R. S. 1838, entitled, "Of the limitation of real actions and rights of entry," provides, that "the limitation therein before prescribed, as to the time within which an action may be brought to recover any land, or an entry may be made thereupon, shall take effect from and after the 31st day of August, A. D. 1838; and no action for the recovery of any land, nor any entry thereupon, shall be brought or made, after the said 31st day of August, in any case where such action or entry shall be or shall have been barred on or before that day, by the statute of limitation in force at and immediately preceding the time when this chapter shall take effect as law."   Section eight provides that, "where the cause or right of action shall have accrued before the time when this chapter shall take effect as law, the same shall not be affected by this chapter, but all such causes of actions shall be determined by the law under which such right of action *accrued.*"   R. S. 1838, p. 575.

The whole difficulty in the present case consists in giving a construction to the latter clause of the section last quoted.

From the facts before us, the cause of action appears to have accrued in 1822.   The first statute of limitations in this state was passed May 15, 1820.   The right of action, then, accrued under the act of 1820.   If the act of 1829 had not been in force at the time of the adoption of Revised Statutes of 1838, the present case would obviously have been controlled and governed by the act of 1820, the first section of which provides, that no action of

ejectment or other possessory action, of whatsoever name
or nature, shall thereafter be sued, &c., if the cause of
action shall accrue after the passing of the act, but within
twenty years next after the cause of action shall accrue,
&c.    By the provisions of the first section of the act of
1829, the period of limitation in respect to all causes of
action then accrued, was fixed at ten years from the date
of the act.    With respect, then, to all causes of action
accruing between the 15th May, 1820, and the 5th No-
vember, 1829, the period of limitation prescribed by the
former act, was in fact repealed ; or, more properly, a
new limitation was substituted by the latter act.    The
present case falls clearly within the act of 1829, and we
must apply its provisions, unless restrained by the latter
clause of §8, Ch. 1, Tit. VI, Pt. 3, of R. S. 1838, above
cited.    It cannot be said that the act of 1829 was intend-
ed to be repealed so far as it was applicable to causes of
action accruing previous to the 31st August, 1838, when
the Revised Statutes of that year took effect.    The whole
legislation of the state upon the subject of the limitation
acts of 1820 and 1829, shows, very conclusively, the in-
tention that all causes of action existing at the adoption of
the Revised Statutes of 1838, should be subject to those
acts and be determined by them.    The seventh section of
the chapter entitled, "Of the limitation of real actions
and rights of entry," fortifies, in very clear and intelligi-
ble language, this view.    It provides, in express terms,
that "no action for the recovery of any land, nor any en-
try thereupon, shall be brought or made after the 31st
August, 1838, in any case where such action or entry
*shall be,* or *shall have been barred* on or before that day, by
the statute of limitations in force at and immediately pre-
ceding the time when this chapter shall take effect as
law."    This section indicates the intention of the legisla-
ture, to preserve the limitation acts of 1820 and 1829 so

far as they were applicable to causes of action then existing. It relates, it is true, to causes of action "which *shall be*, or *shall have been barred*, on or before the 31st August, 1838:" nevertheless, it shows that the legislature never contemplated the absolute and unconditional repeal of the acts referred to. The eighth section of the same chapter provides for cases where the cause of action shall have *accrued* before the 31st August, 1838, by declaring that they shall not be affected by that chapter, but that "all such causes of action shall be determined by the law under which such right of action *accrued*." Now, it is too clear for argument, that if a right of action was *barred* by the act of 1829, the seventh section provides that the *bar* shall continue, notwithstanding the repeal of that act. If so, does it not furnish a key by which to construe the true meaning of the latter clause of the eighth section above quoted? I think it does. Effect could not be given to the seventh section if we were to suppose that the act of 1829 was absolutely repealed; for the act of 1820 applies exclusively to causes of action *thereafter* accruing; the act of 1829 to all causes of action then actually existing, whether arising before or after the 15th May, 1820. If, therefore, the act of 1829 was unqualifiedly repealed, there was no act of limitations in force on the 31st August, 1838, applicable to causes of action arising previous to 1820, except the limitation prescribed in the Revised Statutes of 1838; from which it would follow, that while an action of ejectment for a cause accruing on the 20th May, 1820, would be barred by the 20th May, 1840, such action for a cause accruing *before* that time, would not be barred until twenty years after the Revised Statutes took effect. We cannot suppose that the legislature intended to make so extraordinary and unreasonable a provision.

Sections 2 and 3 of the act contained in the Revised

Lastly v. Cramer.

Statutes of 1838, (p. 697,) repealing the limitation acts of 1820 and 1829, shed a good deal of light upon the provisions of the 7th and 8th sections of the chapter of the same statutes concerning the limitation of real actions and rights of entry. (R. S. 1838, p. 574.) The latter section provides that, in any case, where the limitation or period of time prescribed in the repealed acts shall have begun to run, and the same, or any similar limitation is prescribed in the revised statutes, the time of limitation shall continue to run, and shall have the like effect, as if the whole period had begun and ended under the revised statutes. This provision furnishes strong ground for the presumption that the acts of 1820 and 1829 were, for certain purposes, to be considered as in force.

In the 27th section of the chapter of R. S. 1838, entitled, "Of the limitation of personal actions," (p. 576,) it is provided, that when the cause or right of action shall have accrued before the 31st August, 1838, it shall not be affected by that chapter, but all such causes of action shall be determined agreeably to the law under which the right of action accrued. The 25th section of the same chapter provides that no personal action shall be maintained, which, at or before the day when that chapter shall take effect as law, shall have been barred by the statute of limitation in force at any time before that day. This section is referred to for the purpose of showing that the legislature were controlled by a policy which seems impressed upon their whole legislation upon this subject. That policy was to apply to cases as they might arise, the statute of limitations in force at the time the revised statutes took effect. It can hardly be supposed that the legislature would not permit a personal action to be maintained, which had been barred by the statute of limitations in force at the time the revised statutes took effect, and not apply the same rule to actions concerning

real property.   The necessity and policy of preserving those statutes in force, and applying their provisions to causes of action which had been barred, is infinitely stronger, in this class of cases, than in those concerning personal property.   The legislature could not have lost sight of the fact that Michigan had been under the dominion of three independent governments; and that it would be extremely difficult, if not impossible, in many cases, to show the source, or furnish legal proof of the titles of real estate, although originally granted by lawful authority.   The evidence of the title of many estates had been removed beyond the state, as Michigan was ceded by one government to another; and what evidences may have been left behind, were, in many cases, lost by the ravages of war.   To obviate the difficulties growing out of such a state of things, acts of congress, and statutes of limitations have been passed, the effect of which has been to quiet titles to real estate.   We are not disposed to open the door to controversies, after it has been closed by these wise and salutary laws.

Finally, from a view of the several provisions of the Revised Statutes of 1838 having relation to the question before us, we think it is obvious that the legislature never intended to revive a cause of action barred by the provisions of any statute of limitations in force at the time when the Revised Statutes took effect; and, as the cause or right of action, in the present case, accrued before the 31st August, 1838, and was subject to the provisions of the act of 5th November, 1829, we feel bound to determine it by that act; although the literal interpretation of § 8 of the chapter concerning the limitation of real actions, would warrant the interpretation that the present case should be determined by the law of 1820—the right of action having accrued under that law.   The literal sense of the latter clause of that section must be so con-

Lastly *v*. Cramer.

strued as to effectuate the manifest intention of the legis-
lature, to be gathered from a survey of the several acts re-
lating to the subject.   We do no violence to the language
of that section, in giving it such a construction as comports
with the intention of the law-maker; for, after the pas-
sage of the act of 1829, which substituted for the case
before us a new limitation for the old one, it may, without
any great perversion of language, be said that the cause
of action accrued under that law.

The construction we have given to the several provis-
ions of the Revised Statutes of 1838, comports with that
given by the legislature in 1843, by an act declaring that
the provisions of those statutes shall be so construed as
to mean and intend that all causes of action which accru-
ed anterior to the time when they took effect, shall be
governed and determined by the several statutes of limi-
tation in force applicable thereto.   If a doubt existed as
to the true construction of the Revised Statutes of 1838,
this legislative interpretation would be entitled to much
weight; especially as such interpretation is justified by
sound policy, and has relation to matters which merely
affect the remedy, without impairing any right.

*Ordered certified accordingly.*